UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Isabel Medeiros, | File No. 25-cv-1198 (ECT/EMB) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Safeco Insurance Company of Illinois, | |
| Defendant. | |

---

Isabel Medeiros, pro se.

Daniel W. Berglund and Laura Marie Johnson, Grotefeld Hoffman LLP, Minneapolis, MN, for Defendant Safeco Insurance Company of Illinois.

Plaintiff Isabel Medeiros owned a condominium in Eden Prairie, Minnesota. In September 2022, the residence sustained fire and water damage. In June 2023, Ms. Medeiros's homeowners' association sued her for delaying repairs to the residence. When these events occurred, the residence and Ms. Medeiros were insured under a policy issued by Defendant Safeco Insurance Company of Illinois. In this case, Ms. Medeiros claims Safeco improperly denied coverage for damages to the condominium and improperly refused to defend and indemnify her against the homeowners' association's suit. Safeco seeks dismissal under Federal Rule of Civil Procedure 12(b)(6) based on a two-year limitations period in its policy. The motion will be granted in part. Claims seeking amounts for damages to the residence are time-barred. Claims arising from Safeco's refusal to defend Ms. Medeiros against the homeowners' association lawsuit are not.

*Subject-matter jurisdiction.* Ms. Medeiros filed this case originally in Hennepin County District Court, and Safeco removed it. *See* ECF No. 1. The parties are citizens of different states. 28 U.S.C. § 1332(a)(1). Ms. Medeiros is a Minnesota citizen. *See* Compl. [ECF No. 1-1] ¶ 3. Safeco is a corporation organized under Illinois law, and it maintains its principal place of business in Massachusetts. *Id.* ¶ 4. And the amount in controversy plausibly exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87–89 (2014) (interpreting 28 U.S.C. § 1446(a)'s "short-and-plain-statement" requirement to mean that a removing defendant must include factual allegations plausibly showing that the jurisdictional amount-in-controversy element is met). That is what Safeco alleged in its Notice of Removal. ECF No. 1 ¶ 11. And Safeco's amount-in-controversy allegation finds support in the Complaint and Ms. Medeiros's subsequent filings. *See* Compl. ¶ 19 and at 8 (following "Prayer for Relief").

*The pro se plaintiff "liberal construction" rule.* Because she is pro se,[1] Ms. Medeiros's Complaint is entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "[H]owever inartfully pleaded," pro se complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson*, 551 U.S. at 94). "[I]f the essence of an allegation is

---

[1] Ms. Medeiros represented herself when she brought the case and when she responded to Safeco's Rule 12(b)(6) motion. *See* ECF Nos. 1-1, 17. After Ms. Medeiros filed her opposition brief, attorney Miles Ringsred filed a notice of appearance on her behalf. *See* ECF No. 22. Apart from his notice of appearance, however, Mr. Ringsred has filed nothing in the case. *See generally* Dkt. For this reason, Ms. Medeiros will be treated as a pro se litigant for purposes of adjudicating Safeco's Rule 12(b)(6) motion.

discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004)).  "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984); *see also Sorenson v. Minn. Dep't of Corr.*, No. 12-cv-1336 (ADM/AJB), 2012 WL 3143927, at *2 (D. Minn. Aug. 2, 2012).  A pro se complaint must contain sufficient facts to support the claims it advances.  *Stone*, 364 F.3d at 914.

*Background facts regarding Ms. Medeiros's losses.*  On September 16, 2022, Ms. Medeiros's residence sustained "severe fire and water damage from activated sprinklers, rendering it uninhabitable."  Compl. ¶ 8.  In June 2023, Ms. Medeiros's homeowners' association sued her.  *See* ECF No. 8-7.[2]  The association alleged that Ms. Medeiros refused to cooperate with it and its property manager by refusing to provide access to her residence after the September fire, engaged in harassing and threatening behavior, and prevented the

---

[2]  Considering "matters outside the pleadings" generally transforms a Rule 12(b)(6) motion into one for summary judgment, Fed. R. Civ. P. 12(d), but not when the relevant materials are "necessarily embraced" by the pleadings. *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017).  "In general, materials embraced by the complaint include documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings." *Id.* (citation modified).  Courts "additionally consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned.'" *Id.* (quoting *Miller v. Redwood Toxicology Lab'y, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012)).  Here, these materials include the Safeco policy, Safeco's coverage denials, and public court records of the association's suit against Ms. Medeiros.  The Complaint references these materials, and Ms. Medeiros does not question the authenticity of the copies Safeco filed with its motion.

3

association from making required repairs to Ms. Medeiros's residence. *Id.* ¶¶ 14–21. On October 8, 2024, a Hennepin County district judge entered summary judgment in the association's favor. ECF No. 24-9.

*The Safeco policy and Safeco's coverage denials.* The residence was insured under a Safeco "Quality-Plus Condominium Policy." Compl. ¶ 9; ECF No. 8-6 at 4. The policy included a "duty to defend, subject to exclusions [Ms. Medeiros] alleges are inapplicable to her claims." Compl. ¶ 9; *see* ECF No. 8-6 at 29, Section II.E ("If a claim is made or a suit is brought against [the] **insured** for damages because of **bodily injury** or **property damage** caused by an **occurrence** to which this coverage applies, we will . . . provide a defense at our expense by counsel of our choice even if the allegations are groundless, false or fraudulent."). The Policy also included a limitations provision requiring that any action against Safeco be brought "within two years after the inception of the loss or damage." ECF No. 8-6 at 44, Item 8. Safeco instructed Ms. Medeiros to submit her property-damage and any related claims, "representing that such claims would be reviewed for coverage." Compl. ¶ 11. Safeco denied the property-damage claims. *Id.* ¶ 14. Ms. Medeiros also asked Safeco to defend and indemnify her against the association's suit, but it refused. Compl. ¶¶ 2, 17; *see* ECF No. 8-9.

*Procedural history.* This is Ms. Medeiros's second suit against Safeco. She filed her first suit in Hennepin County District Court in February 2024. ECF No. 8-1; *Medeiros v. SAFECO Ins. Co. of Ill.*, No. 27-CV-24-2530 (Minn. Dist. Ct. Feb. 15, 2024) (Index No. 2). In that case, Ms. Medeiros asserted breach-of-contract and declaratory-judgment claims arising from just the September 2022 fire and resulting damages to the

4

condominium. *See* ECF No. 8-1 ¶¶ 34–56. The case did not last long. On April 4, 2024, Ms. Medeiros filed a letter with the court asking that "the case be [d]ismissed without prejudice." ECF No. 8-2. Ms. Medeiros brought this case in Hennepin County District Court on April 31, 2025, *see* ECF No. 1-1, and Safeco removed it here, ECF No. 1.

*The claims.* Ms. Medeiros alleges that Safeco "willfully failed to fulfill its obligations under [the] policy, . . . resulting in foreclosure threats, housing instability, financial ruin, and unrepaired property damage until this day." Compl. ¶¶ 1–2, 9. She alleges that Safeco "refus[ed] to defend her in related litigation, in violation of Minn. Stat. § 60A.08, subd. 6." *Id.* ¶ 2. She claims that "Safeco denied, delayed, or failed to process" her claims in violation of Minnesota Statutes section 604.18, subdivision 2(a). *Id.* ¶ 14. According to the Complaint, Safeco's actions have caused Ms. Medeiros to suffer "[d]isplacement from her home since September 2022," "[o]ut-of-pocket expenses exceeding Policy limits," "[c]redit deterioration, unemployment for two years, and bankruptcy," and "[s]evere health issues, including diagnosed anxiety, panic attacks, and hypertension requiring medical treatment," leaving her in "despair." *Id.* ¶ 19. In other words, giving Ms. Medeiros's Complaint the liberal construction it deserves, she asserts claims arising from Safeco's refusal to cover losses arising from the September 2022 fire and claims arising from Safeco's refusal to defend and indemnify her against the association's June 2023 suit.

*The Rule 12(b)(6) standards.* In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Gorog v. Best Buy*

5

*Co.*, 760 F.3d 787, 792 (8th Cir. 2014) (citation omitted). Although the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Safeco's motion and what's left to decide.* Safeco initially raised three distinct grounds to support its Rule 12(b)(6) motion: (1) that Ms. Medeiros's claims are time-barred under the policy's two-year limitations provision; (2) that process was insufficient; and (3) that the assertion of bad-faith claims under Minnesota Statutes section 604.18 was premature. *See* ECF No. 7 at 7–12. Safeco has since dropped its insufficiency-of-process argument. *See* ECF No. 23 at 8. And Ms. Medeiros conceded that her assertion of the bad-faith claim was premature. *See* ECF No. 17 at 2. The only remaining issue, then, is whether Ms. Medeiros's claims are barred by the policy's two-year limitation provision.

*Governing legal rules.* Three sets of legal rules apply to answer the limitations questions raised in Safeco's motion. (1) "When an insurance clause requires *suit* to be brought within a certain period, failure to bring *suit* within that period bars suit if the limitation clause does not conflict with a specific statute and is not unreasonable in length." *L & H Transp., Inc. v. Drew Agency, Inc.*, 403 N.W.2d 223, 226 (Minn. 1987); *see also Hansen v. Markel Am. Ins. Co.*, No. 15-cv-2833 (RHK/JSM), 2016 WL 2901738, at *3 (D. Minn. May 18, 2016). The Safeco policy's two-year term accords with a Minnesota

statute, Minn. Stat. § 65A.01, subdiv. 3 ("No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy have been complied with, and unless commenced within two years after inception of the loss."), and is reasonable, *see, e.g.*, *Hansen*, 2016 WL 2901738, at *3–6; *see also N. Promotions, Inc. v. Gen. Cas. Co. of Wis.*, No. 16-cv-626 (ADM/LIB), 2016 WL 3661147, at *3 (D. Minn. July 5, 2016); *Minn. Mut. Fire & Cas. Co. v. N. Lakes Constr.*, 400 N.W.2d 367, 369–70 (Minn. Ct. App. 1987).  (2) A limitations period represents "an affirmative defense that defendants bear the burden to plead and prove." *Roiger v. Veterans Affs. Health Care Sys.*, No. 18-cv-591 (ECT/TNL), 2019 WL 572655, at *7 (D. Minn. Feb. 12, 2019) (citing *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133 (2008)).  A limitations defense is therefore "not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense." *Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008); *see Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004) (recognizing that, when a defendant raises a statute-of-limitations defense on a motion to dismiss, the motion should be granted when it "appears from the face of the complaint itself that the limitation period has run" (internal quotation omitted)).  This means that the plaintiff's own allegations must "clearly indicate[]" that the claims are untimely.  5B Charles Alan Wright, Arthur R. Miller & A. Benjamin Spencer, *Federal Practice and Procedure* § 1357 (4th ed. May 20, 2025 Update).  If the complaint "reasonably may be understood to assert a claim for relief plausibly within the limitations period," it survives. *Int'l Decision Sys., Inc. v. JDR Sols., Inc.*, No. 18-cv-2951 (ECT/DTS), 2019 WL 2009249, at *3 (D. Minn. May 7, 2019).  (3) In an

7

insurance-coverage case, "each failure to defend or indemnify [is] a distinct breach and could be pursued within [the limitations period]." *St. Paul Fire & Marine Ins. Co. v. A.P.I., Inc.*, 738 N.W.2d 401, 409 (Minn. Ct. App. 2007).

*Applying these rules to the liberally construed Complaint.* The policy's two-year limitations period bars any claims Ms. Medeiros might assert for the property and other losses she incurred in connection with the September 2022 fire. The Complaint alleges the fire occurred that month. Compl. ¶¶ 1, 8. The fire's date marks "the inception of the loss or damage." ECF No. 8-6 at 44. The two-year period within which Ms. Medeiros might have sued for coverage or perhaps to recover additional sums arising directly from the fire expired in September 2024. *Id.* Ms. Medeiros did not bring this case until March 2025, several months after that period expired. At this motion-to-dismiss stage, however, I cannot say that the policy's two-year limitations bars claims arising from Safeco's denial of her request for defense and indemnification against the lawsuit brought by the homeowners' association. Again, this coverage request represents a distinct event for the two-year limitations provision's purposes. *A.P.I., Inc.*, 738 N.W.2d at 409. If the suit's onset marked the inception of Ms. Medeiros's loss or damage, that occurred in June 2023, ECF No. 8-7, less than two years before Ms. Medeiros brought this case, ECF No. 1-1.

*The equitable tolling argument.* Ms. Medeiros argues that "equitable tolling is warranted based on Safeco's misconduct." ECF No. 17 at 1. This is not persuasive. "Equitable tolling is premised on the excusable neglect of the filing party, and [it] preserves a claim after the filing period has expired." *Shempert v. Harwick Chem. Corp.*, 151 F.3d 793, 797 (8th Cir. 1998) (internal quotation and citation omitted).

> Equitable tolling may be appropriate "when a claimant has received inadequate notice, when a motion for appointment of counsel was pending, when the court has led the plaintiff to believe that he had done everything required of him, or when affirmative misconduct on the part of the defendant has lulled the plaintiff into inaction."

*Jackson v. Hennepin Healthcare Sys., Inc.*, 134 F.4th 1262, 1264 (8th Cir. 2025) (quoting *Hallgren v. U.S. Dep't of Energy*, 331 F.3d 588, 590 (8th Cir. 2003)). "Application of the doctrine is typically reserved for circumstances that are 'truly beyond the control of the plaintiff.'" *Id.* (quoting *Hill v. John Chezik Imps.*, 869 F.2d 1122, 1124 (8th Cir. 1989)). Ms. Medeiros alleges no facts that might come close to showing a tolling-worthy excuse here. She does not allege Safeco engaged in any inaction-lulling behavior. Indeed, the fact that Ms. Medeiros filed a timely case in Hennepin County District Court in February 2024—only to voluntarily dismiss it—casts substantial doubt on whether she might ever be able to make that showing.

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Defendant Safeco Insurance Company of Illinois's Motion to Dismiss [ECF No. 6] is **GRANTED IN PART** and **DENIED IN PART** as explained above.

Dated: October 1, 2025                          s/ Eric C. Tostrud
                                                               Eric C. Tostrud
                                                               United States District Court